UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KATIA LHAMMI,

<table>
<tr><td>Plaintiff,</td><td>Civ. Action No.:</td></tr>
<tr><td>– against –</td><td>**COMPLAINT**</td></tr>
<tr><td>CITY OF NEW YORK, POLICE OFFICER JOHN DOES 1-4.</td><td>**JURY TRIAL DEMANDED**</td></tr>
<tr><td>Defendants.</td><td></td></tr>
</table>

Plaintiff Katia Lhammi, by her attorneys, Galluzzo and Johnson LLP, for her Complaint against Defendants City of New York, Police Officer John Does 1-4, each in their individual and official capacities, upon personal knowledge and upon information and belief, alleges as follows:

## NATURE OF THE ACTION

1.      This is a case in which officers of the New York City Police Department ("NYPD") deprived Plaintiff of her liberty by arresting her, imprisoning her, and charging her with crimes without any cause. Indeed, they did not observe her commit any crime, there was no evidence that she had committed any crime, and there were no eyewitnesses or complaining witnesses to any crime, and ultimately all charges against her were dismissed in court.

2.      Plaintiff brings this action against the aforementioned police officers and their employer, the City of New York, for personal injuries and loss of wages among other things, arising out of their assault, battery, false arrest, and false imprisonment of her, as well as their violation of Plaintiff's civil rights.

## PARTIES

3.      Plaintiff Katia Lhammi is a natural person who currently resides in France but during all relevant events described herein resided in Kings County, New York.

4.    Defendant City of New York is, and was at the time of the incident that gives rise to this action, a municipal corporation duly organized under, and existing by virtue of, the laws of the State of New York. At all times relevant to the action, Defendant City of New York employed the remaining Defendant Police Officers in connection with its control, operation, and maintenance of the New York City Police Department.

5.    At all relevant times, herein, Defendant Police Officers John Doe 1 through 4 were police officers employed by the New York City Police Department and were acting in the capacity of agents, servants, and employees of the City.


## JURISDICTION AND VENUE

6.    This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

7.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

8.    An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

9.    Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(a), (b)(1), b(2) and (c) as a substantial part of the events or omissions giving rise to the claim occurred in the County of New York which is located in the Eastern District of New York and in that defendant New York City resides for venue purposes within the Eastern District of New York.

## PROCEDURAL REQUIREMENTS

10.　Plaintiff has complied with General Municipal Law ("GML") § 50 and all procedural requirements necessary to commence a lawsuit against Defendants, including Defendant City of New York.

11.　This is an action for psychological injuries and loss of wages, sustained by Plaintiff arising out of actions perpetrated by Defendants on February 16, 2014 into February 17, 2014.

12.　On or about April 14, 2014, within ninety days after the accrual of the instant action, a satisfactory Notice of Claim was filed with Defendant City of New York on behalf of Plaintiff.

13.　On or about June 13, 2014, Plaintiff testified at a hearing pursuant to GML § 50(h) at the request of Defendant City of New York.

14.　Defendant City of New York has refused or neglected to make any adjustment or payment on Plaintiff's claims.

15.　Plaintiff hereby commences this action within one year and ninety days of the date of accrual of the instant action.

## FACTUAL ALLEGATIONS

16.　On February 16, 2014, at approximately 10:00 PM, Plaintiff was inside her apartment at 480 Lefferts Avenue in Brooklyn, New York. Her husband, Armando, was the only other person inside of the apartment.

17.　At that time, several police officers employed by the Defendant City of New York (defendants hereinafter to as "Police Officer John Does 1-4") knocked on the door of the

3

apartment. Neither Plaintiff nor her husband had called 911 or made any reports to the police requesting assistance.

18.     Plaintiff's husband answered the door and let the officers into the apartment. His foot was bleeding at that time.

19.     One of the Police Officer John Does 1-4 asked Plaintiff's husband why his foot was bleeding, to which he replied that he had stepped on broken glass. Plaintiff's husband repeatedly denied to the officers that Plaintiff had assaulted him or committed any crime towards him whatsoever.

20.     Nevertheless, one of the Police Officer John Does 1-4 demanded that Plaintiff put her hands behind her back and then placed handcuffs on her wrists. She was later informed by one of the Police Officer John Does 1-4 that she was being arrested for assaulting her husband.

21.     Upon information and belief, the source of which is the criminal court complaint that was ultimately filed against Plaintiff, there were no complaining witnesses that observed any purported crimes committed by Plaintiff, nor were there any eyewitnesses to any crimes allegedly perpetrated by Plaintiff that evening either.

22.     Whilst in handcuffs, Plaintiff was subsequently transported by Police Officer John Does 1-4 against her will in the back of a police vehicle to the nearest police precinct. There, Police Officer John Does 1-4 fingerprinted her and searched her person and held her in a cell against her will for many hours.

23.     The Police Officer John Does 1-4 eventually transported Plaintiff in handcuffs via police vehicle to Central Booking in Brooklyn, where she was further detained in a holding cell against her will and her person was searched again against her will.

4

24.     In Central Booking, Plaintiff remained in a holding cell for many hours until she was arraigned before a criminal court judge on February 17, 2014.

25.     The criminal court complaint filed against her at arraignments charged her with numerous misdemeanors allegedly committed against her husband, including *inter alia* Assault in the Third Degree (N.Y. Penal Law Section 120.00) and Menacing in the Third Degree (N.Y. Penal Law Section 120.15).

26.     The criminal court complaint, sworn to by a Police Officer Ronan Rushtlion, alleged that plaintiff's husband made certain statements to Rushtlion about how he sustained certain scratches on his neck. However, plaintiff's husband did not make those statements.

27.     At arraignment, as a result of the false arrest and false allegations contained in the criminal court complaint, the criminal court judge issued an order of protection preventing Plaintiff from having any contact with her husband whatsoever.

28.     Plaintiff was released from custody on her own recognizance immediately following her arraignment.

29.     In total, from the time of her unlawful arrest until the time of her release by the judge on her own recognizance, Plaintiff's liberty was restrained against her will for approximately twenty-three (23) hours.

30.     Plaintiff was then not permitted to communicate with or live with her husband as a result of the order of protection that was issued as a result of the false arrest. Thus, she remained separate and apart from him until March 18, 2014. On that date, a judge in Brooklyn criminal court modified the order of protection so as to allow her to reunite him her husband.

31.     The charges against Plaintiff were ultimately dismissed in her favor without any conviction whatsoever on May 19, 2014.

32.   As a result of this unlawful arrest, Plaintiff had to retain an attorney and incurred legal fees for her defense.

33.   As a result of this entire ordeal caused by this unlawful arrest and malicious prosecution, Plaintiff has suffered anxiety, sadness, emotional and psychological distress, loneliness, and fear.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### As Against All Defendants

34.   Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 33, inclusive, as though fully set forth herein.

35.   By the aforesaid acts, Defendants have violated Plaintiff's rights to the equal protection of laws under the Fourteenth Amendment, among other violations to the United States Constitution, thereby giving rise to a cause of action pursuant to 42 U.S.C. 1983.

36.   The conduct and actions of Defendant Police Officers John Doe 1 through 4, and the Defendant City of New York, acting under color of law in falsely imprisoning, detaining, and assaulting, were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts, were done without lawful justification, and were designed to and did cause mental and emotional harm and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. 1983, et seq., deprived the Plaintiff's Constitutional rights including, but not limited to, her rights under the Fourth and Fourteenth Amendments guaranteeing due process, right to fair trial and equal protection under the law, and Title 42 U.S.C. 1983, et seq.

37.   Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Doe 1 through 4, taken against

Plaintiff during the course, and within the scope, of employment with Defendant City of New York, and while acting under the color of state law.

38.     The actions taken by Defendant Police Officers John Doe 1 through 4 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**FALSE ARREST – 42 U.S.C. § 1983**

**As Against All Defendants**

39.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 38, inclusive, as though fully set forth herein.

40.     On February 16, 2014 through February 17, 2014, Defendant Police Officers John Doe 1 through 4 intentionally arrested and confined Plaintiff without probable cause and without her consent.

41.     Defendant Police Officers John Doe 1 through 4 caused injuries to Plaintiff, including psychological injuries and attorney fees, among other things.

42.     Defendant Police Officers John Doe 1 through 4 took the aforementioned actions against Plaintiff during the course, and within the scope, of their employment with Defendant City of New York.

43.     Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Doe 1 through 4, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

44.     The aforementioned actions taken by Defendant Police Officers John Doe 1 through 4 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## FALSE IMPRISONMENT – 42 U.S.C. § 1983

### As Against All Defendants

45.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 44, inclusive, as though fully set forth herein.

46.     On February 16, 2014 through February 17, 2014, Defendant Police Officers John Doe 1 through 4 intentionally caused Plaintiff to be imprisoned and confined at the 71st Police Precinct and Central Booking, which is operated and controlled by Defendant City of New York.

47.     Defendant Police Officers John Doe 1 through 4 did not have probable cause or other justification to imprison and confine Plaintiff.

48.     Plaintiff did not consent to the aforementioned imprisonment and confinement.

49.     Defendant Police Officers John Doe 1 through 4 caused injuries to Plaintiff, including psychological injuries and legal fees, among other things.

50.     Defendant Police Officers John Doe 1 through 4 took the aforementioned actions against Plaintiff during the course, and within the scope, of his employment with Defendant City of New York.

51.     Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Doe 1 through 4, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

52.    The aforementioned actions taken by Defendant Police Officers John Doe 1 through 4 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**BATTERY**

**As Against All Defendants**

53.    Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 52, inclusive, as though fully set forth herein.

54.    On February 16, 2014 and February 17, 2014, Defendant Police Officers John Doe 1 through 4, through their actions, intentionally initiated wrongful physical contact with Plaintiff without her consent.

55.    Defendant Police Officers John Doe 1 through 4 handcuffed and restrained Plaintiff without legal justification, causing Plaintiff to sustain psychological injuries and loss of wages, among other things.

56.    Defendant Police Officers John Doe 1 through 4 took these actions against Plaintiff during the course, and within the scope, of their employment with Defendant City of New York.

57.    Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Doe 1 through 4, taken against Plaintiff within the scope of employment with Defendant City of New York under the doctrine of *respondeat superior*.

58.     The Actions taken by Defendant Police Officers John Doe 1 through 4 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### FAILURE TO INTERVENE – 42 U.S.C. § 1983

### As Against Police Officer Defendants John Doe 1-4

59.     Plaintiff repeats and re-alleges each and every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

60.     Each of the Police Officer Defendants was physically present during either the unlawful arrest or illegal detention of Plaintiff, and thus had knowledge of the conspiracy to arrest, harm, and wrongfully deprived Plaintiff of her constitutional and statutory rights as set forth above.

61.     Each of the Defendants, through the exercise of reasonable diligence, had the power to prevent or aid in preventing such deprivation.

62.     Each of the Defendants neglected or refused to prevent such deprivation.

63.     As a direct and proximate cause of the acts of each of the Defendants as set forth above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

## SIXTH CAUSE OF ACTION
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS – 42 U.S.C. §§ 1985

### As Against Police Officer Defendants John Doe 1-4

64.     Plaintiff repeats and re-alleges each and every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

65.     Each of the Defendants conspired for the purpose of depriving Plaintiff the equal protection of the laws.

66.     Each of the Defendants took an act in furtherance of the object of said conspiracy.

67.     As a direct and proximate cause of the acts of all Defendants as set forth above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

## SEVENTH CAUSE OF ACTION
## NEW YORK CONSTITUTION ART I, 11

### As Against All Defendants

68.     Plaintiff repeats and re-alleges each and every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

69.     By the aforesaid acts, Defendants have violated Plaintiff's right to the equal protection laws under Article I, 11 of the New York State Constitution, thereby giving rise to a cause of action pursuant to that article.

70.     The conduct and actions of the each of the Defendants, acting under color of state law, in assaulting, battering, and using excessive force against Plaintiff were done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, without lawful justification, and were designed to and did cause specific and serious bodily

injury, mental and emotional harm, and pain and suffering in violation of the Plaintiff's constitutional rights as guaranteed under the laws and Constitution of the State of New York. As a result of said actions, Plaintiff was deprived of such rights, including, but not limited to, rights under Article I, 8-9 of the New York State Constitution guaranteeing freedom of expression and association, Article I, 12, guaranteeing protection against unlawful seizure of his person, Article I, 11, guaranteeing due process and equal protection under the law, and Article I, 15, guaranteeing protection from cruel and unusual punishment.

71.     As a result of the foregoing, Plaintiff suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

72.     For all claims under New York State Law, Defendants are jointly and severally liable to Plaintiff inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 5, 7 and 11 of the Civil Practice Law and Rules.

73.     Defendant City of New York is responsible for the tortious actions of its employees Defendant Police Officer John Does 1-4 under this cause of action pursuant to the doctrine of *respondeat superior*.

## EIGHTH CAUSE OF ACTION
## NEGLIGENCE

### As Against All Defendants

74.     Plaintiff repeats and re-alleges each and every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

75.     The Defendants, including but not limited to the Police Officer Defendants and other officers that failed to intervene, owed Plaintiff a duty of reasonable care.

76.     However, the negligent acts complained of by Plaintiff and committed by Defendants seriously endangered Plaintiff's physical safety and were obviously likely to cause severe emotional injury to Plaintiff.

77.     Moreover, the negligent acts complained of by Plaintiff and committed by Defendants amounted to outrageous conduct that cannot be tolerated in a civilized community.

78.     Each of the Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of the injury and damage to the Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79.     As a result of the foregoing, the Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

80.     For all claims under New York State Law, Defendants are jointly and severally liable to Plaintiff inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 5, 7 and 11 of the Civil Practice Law and Rules.

### NINTH CAUSE OF ACTION
### MALICIOUS PROSECUTION – 42 U.S.C. § 1983

#### As Against Defendant Police Officers John Doe 1-4

81.     Plaintiff repeats and re-alleges each and every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

82.     The Defendant Police Officers John Doe 1 - 4 did knowingly and intentionally communicate false information to prosecutors in Brooklyn. Said information concerned, inter alia, the statements purportedly made by Plaintiff's husband and the circumstances of Plaintiff's arrest.

83.     Said false information was knowingly communicated with the purpose of initiating a criminal proceeding against Plaintiff by causing the prosecutor to rely upon said information and wrongfully charge Plaintiff with the commission of a crime.

84.     The criminal matter was ultimately terminated in Plaintiff's favor with a total dismissal of all charges against her.

## TENTH CAUSE OF ACTION
## MALICIOUS PROSECUTION – NEW YORK STATE

### As Against Defendant Police Officers John Doe 1-4

85.     Plaintiff repeats and re-alleges each and every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

86.     The Defendant Police Officers John Doe 1 - 4 did knowingly and intentionally communicate false information to prosecutors in Brooklyn. Said information concerned, inter alia, the statements purportedly made by Plaintiff's husband and the circumstances of Plaintiff's arrest.

87.     Said false information was knowingly communicated with the purpose of initiating a criminal proceeding against Plaintiff by causing the prosecutor to rely upon said information and wrongfully charge Plaintiff with the commission of a crime.

88.     The criminal matter was ultimately terminated in Plaintiff's favor with a total dismissal of all charges against her.

## ELEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### As Against Police Officer Defendants John Doe 1-4

89.     Plaintiff repeats and re-alleges each and every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

90.     The intentional acts complained of by Plaintiff and committed by the Defendants amount to extreme and outrageous conduct that cannot be tolerated in a civilized community.

91.     The intentional acts complained of by Plaintiff and committed by the Defendants were plainly likely to cause extreme emotional distress to Plaintiff.

92.     As a result of the foregoing acts by Defendants, the Plaintiff was deprived of her liberty, suffered psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

93.     For all claims under New York State Law, Defendants are jointly and severally liable to Plaintiff inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 5, 7 and 11 of the Civil Practice Law and Rules.


## TWELFTH CAUSE OF ACTION
## PRIMA FACIE TORT

### As Against All Defendants

94.     Plaintiff repeats and re-alleges each and every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

95.     Defendants, including but not limited to Police Officers John Doe 1 - 4, intentionally caused physical and emotional injury to Plaintiff and had no excuse or justification for their actions.

96.     As a result of the foregoing, the Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

97.     For all claims under New York State Law, Defendants are jointly and severally liable to Plaintiff inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 5, 7 and 11 of the Civil Practice Law and Rules.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendants, jointly and severally, for damages for the following relief:

a.  compensatory damages against Defendant's, jointly and severally, in an amount to be determined at trial, with pre- and post-judgment interest;

b.  lost wages in an amount to be determined at trial;

c.  attorneys' fees and the costs of the instant action, including all costs incurred herein;

d.  punitive damages;

e.  such other and further relief as the Court deems proper and fair.

Dated: New York, New York
       October 21, 2014

GALLUZZO & JOHNSON LLP

Matthew J. Galluzzo
*Attorney for Plaintiff Katia Lhammi*
Galluzzo & Johnson LLLP
48 Wall Street, 11th Floor
New York, New York 10005
Tel: 212.918.4661